USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 08/18/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK E.,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

26-CV-4900 (MKV) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On June 8, 2026, plaintiff Derrick E., proceeding pro se, initiated the above-captioned Social Security action, *see* Dkt. 1, and, on June 12, 2026, the matter was referred to me. *See* Dkt. 6. On August 7, 2026, defendant Commissioner of Social Security (Commissioner) requested a routine one-month extension of its deadline to file the electronic certified administrative record (eCAR), with comparable extensions to the parties' briefing deadlines thereafter. Dkt. 10. The Commissioner's counsel wrote that he "attempted to confer with Plaintiff" about the requested schedule, but was "unable to secure a response from Plaintiff." *Id.* On August 10, 2026, I so-ordered the proposed extended schedule, making the eCAR due September 9, 2026; plaintiff's brief due November 9, 2026; defendant's brief due January 8, 2027; and plaintiff's reply, if any, due January 29, 2027. Dkt. 11.

Now before the Court are two letters from plaintiff, requesting reconsideration of the Court's August 10, 2026 extension order, advising that he has been unable to access the electronic docket in this action, and asking that the Commissioner be required to serve him by email.

**Plaintiff's Letters**

In his first letter, dated August 10, 2026 (Pl. 8/10/26 Ltr.) (Dkt. 12) and emailed to the Pro Se Intake Unit that same day, plaintiff objected to the Commissioner's extension request, arguing that the Commissioner had not shown "good cause" for any extension and that granting an

extension would prejudice plaintiff, because without his "standard shelter supplement" of $107.50 semi-monthly, he has accumulated housing arrears "triggering acute food and shelter insecurity." Pl. 8/10/26 Ltr. at ECF pp. 2, 3. Because plaintiff's letter was not docketed until August 12, 2026, the Court did not see it until after it had already granted the requested extension.

In the same letter, plaintiff advised that he was "completely locked out from reading the substance of the Defendant's motion" because – even though he had signed up for electronic notification (Dkt. 8) and received a Notice of Electronic Filing (NEF) by email – "the CM/ECF system generated a strict restricted access barrier stating: 'You do not have permission to view this document.'" Pl. 1/10/26 Ltr. at 2. Plaintiff requested that the Court "bypass this technical failure by ordering defense counsel to serve all future filings directly to me at my verified email address[.]" *Id*.

In his second letter, dated August 11, 2026 and emailed to the Pro Se Intake Unit the next day (Pl. 8/12/26 Ltr.) (Dkt. 13), plaintiff requested reconsideration of this Court's extension order pursuant to Local Civil Rule 6.3, again arguing that the agency's "unlawful severance" of his shelter supplement has placed him in dire straights, as he is now facing "active eviction threats" from premises which are "plagued by Class C HPD violations," including "No heat" and "toxic mold." Pl. 8/12/26 Ltr. at ECF p. 2. Plaintiff advises that he is still "locked out from reading CM/ECF documents, and again requests that the Commissioner be ordered to serve him by email. *Id*.

**Reconsideration of Extension Order**

Recognizing that plaintiff was unable to timely review and respond to the Commissioner's extension request, the Court accepts his August 10, 2026 letter as his opposition to that request, and grants his reconsideration motion to the extent of reconsidering, in light of his opposition,

whether the extension should be granted. Having so reconsidered, however, the Court declines to require the Commissioner to file the eCAR any earlier than September 9, 2026 (now only three weeks away). The extension requested was both modest and routine. Every social security complaint in this Court arises from a denial of disability benefits. The Court recognizes that those benefits, even when seemingly modest, may be financially significant to the plaintiff. Nonetheless, the Court is not convinced that the loss of his semi-monthly shelter supplement of $107.50 has placed plaintiff in such "life-threatening conditions," 8/12/26 Ltr. at ECF p. 2, as to require his case to proceed more quickly than those of the many other social security claimants who similarly seek relief from this Court.

Consequently, the Court denies plaintiff's reconsideration motion insofar as it requests a modification of the scheduling order issued at Dkt. 11.[1]

**Electronic Access to the Docket**

The Court thanks plaintiff for bringing his electronic access problems to its attention. The Federal Rules of Civil Procedure mandate restrictions on remote electronic access to the docket in certain kinds of cases, including any "action for benefits under the Social Security Act." Fed. R. Civ. P. 5.2(c). Nonetheless, "the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record." Fed. R. Civ. P. 5.2(c)(1). Therefore, plaintiff is entitled to have the same remote electronic access to the docket that his attorney would have if he were counseled.

[1] Once the eCAR is filed on September 9, 2026, plaintiff may file his opening brief as soon as he has adequately reviewed the administrative record. He is not required to wait until November 9, 2026.

The Court has recently implemented electronic security measures designed to protect the integrity of its electronic docket. As a result, a pro se party must take certain extra steps to obtain the appropriate level of access. There are two alternatives.

To obtain *electronic* access to the docket through PACER, plaintiff must complete, sign, and file a Motion for Permission for Electronic Case Filing.[2] He may use either the attached form or the electronic version, which is available at: https://www.nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases.

Once the motion is granted, plaintiff must call the Court's ECF Help Desk (212-805-0800) to properly configure his PACER account as a "case participant," which will give him access to the entire electronic docket of his case, including filings that are not available through PACER to the general public.

Alternatively, plaintiff may *withdraw* his existing consent to electronic service (Dkt. 8), in which case the defendant and the Court will use the United States Postal Service to send him paper copies of all filings in this matter. Opting for mail service of paper copies inevitably involves some delay. In order to withdraw his existing consent, plaintiff may simply file a letter stating that he wishes to do so.

The Federal Rules of Civil Procedure do not require the Commissioner to serve a plaintiff by email. The parties may, however, agree among themselves to email service. Consequently, plaintiff should direct his request for email service to the Commissioner's counsel of record.

[2] If plaintiff would like to be able to file his own documents electronically, he must complete the Court's Case Management/Electronic Case Filing (CM/ECF) introduction course, and complete Item 2 on the application form. If he would like to continue filing his own documents by mail or email, he need not take the introduction course, and he may leave Item 2 blank.

## Conclusion

Plaintiff's letter-motions are GRANTED IN PART and DENIED IN PART as set forth above. The Clerk of Court is respectfully directed to close the motion at Dkt. 12.

Dated: New York, New York
August 18, 2026

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Derrick E.

Write the full name of each plaintiff or petitioner.

-against-

Commissioner of Social Security

Write the full name of each defendant or respondent.

No. 26 CV 4900 (MKV) (BCM)

**MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING**

I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I affirm under penalty of perjury that:

1. I have reviewed the Court's Electronic Case Filing Rules & Instructions, available at http://nysd.uscourts.gov/ecf_filing.php, and agree to abide by them.

2. I completed the Court's CM/ECF introduction course[1] on ________________.

3. I have submitted a Non-Attorney E-File Registration for the PACER system at https://www.pacer.gov/reg_nonatty.html.

4. I understand that once I register for e-filing, I will receive notices and documents only by e-mail in this case and not by regular mail.

5. I understand that if I am granted permission to participate in e-filing, I must file my documents electronically and I may not submit documents to the Pro Se Intake Unit for scanning and docketing.

6. I know how to convert a document to PDF-A format.

7. I have regular access to the technical requirements necessary to e-file successfully:

   ☐ a computer with internet access and a word processor

   type of computer I will be using: ________________________________

[1] You may register for the course on the Court's website: http://nysd.uscourts.gov/ecf_training.php.

type of word processor I will be using: ______________________________

☐ an e-mail account (on a daily basis) to receive notifications from the Court and notices from the e-filing system

☐ a scanner to convert documents that are only in paper format into electronic files

scanning equipment I will be using: ______________________________

☐ a PDF reader and a PDF writer to convert word-processing documents into PDF format, the only electronic format in which documents can be e-filed

version of PDF reader and writer that I will be using:

______________________________

☐ a printer or copier to create required paper copies such as chambers copies.

8. I understand that I must regularly review the docket sheet of the case so that I do not miss a filing.

9. I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper.

______________________ ______________________
Dated Signature

______________________________________________
Name

______________________________________________
Address City State Zip Code

______________________ ______________________
Telephone Number E-mail Address